Seney, J.
The question made in argument was ; How much are the auditors of the county, underthe statutes of the state, entitled to receive for making out what is known as “ Special Tax Duplicates, for Road Purposes;” and whether they are required to make out, each year, one of these duplicates for the auditor and one for the treasurer. This question it is claimed by plaintiff in error, is properly made in this court by reason of the action of the court" below, upon the demurrer to the petition.
The claim was for services claimed to have been rendered for the county under section 1075, of the Revised Statutes. *135 Under section 1077, of the Revised Statutes, such claim can only be paid upon the allowance of the county commissioners. Section 896, of the Revised Statutes, provides, “ If a person is aggrieved by the decision of the county commissioners in any case, such person may appeal to the court of common pleas,” etc., etc.
And, as was held in the case of Shepard v. Commissioners of Darke County, 8 Ohio St., 354, and re-affirmed in the case of State ex rel. Gerke v. Commissioners of Hamilton County, 26 Ohio St., 364, appeal is the only remedy.
When the appeal is perfected, under sec. 896, the court shall at their next session, hear and determine the same, which decision shall be final. Hear and determine what? The merits of the claim presented to the commissioners, not the merits of a cause of action alleged in a petition; not as in this case, a cause of action alleged in a petition, in which Stewart shall be plaintiff and Logan County defendant; but the claim as originally presented to the commissioners, and .to which hearing under section 896, the commissioners are required to be notified, in order that- they can present to the court, as representatives of the county’s interests, why the claim should be disallowed — not some issue that shall be made up by pleadings, but upon the simple claim, which the court shall hear and determine, and the decision shall be, not a judgment against the county, but the allowance or disallowance of the claim as presented to the commissioners.
Hence, we hold that an a’ppeal from the decision of the county commissioners from their disallowance of this kind of a claim, is heard upon the original papers, without pleadings. We are sustained in this view by the case of the Commissioners of Clermont County v. Robb et al., 5 Ohio, and the case of the Commissioners of Belmont County v. Zeigelhofer, 38 Ohio St.
The filing of the petition and demurrer in the court below were unauthorized by the statute, and being unauthorized, the demurrer was properly sustained. After the action of the court upon the demurrer, the record discloses that the court rendered a final judgment against the plaintiff. As the only judgment the law authorized the court to render, was one al *136 lowing or disallowing the claim, and as the judgment was against the plaintiff, it will be presumed that the court disallowed it.
West, Brown & West, for plaintiff in error.
W. S. Plum, for defendant in error.
The remaining question is, should the claim have been disallowed? This we are unable to answer, as we have no bill of exceptions. So, we hold that the question made in argument is not before us.
Judgment will be affirmed, with costs, and without penalty.
All the judges concurred.